IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Tony Harrelson, | ) | Civil Action No.  8:06-1327-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Tony Harrelson, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 35 years old on the alleged disability onset date of November 2, 1998, and 41 years old on the date of the Administrative Law Judge's (ALJ) decision.  (Tr. at 25, 53-55, 78-79.)  The plaintiff completed the ninth grade and has worked as a farm laborer and painter.  (Tr. at  25-27, 31, 93, 97, 117-20.)  The plaintiff claims disability from back problems, ruptured disc, psoriatic arthropathy, spondyloarthropathy, gout, ulcers, liver disease, hypothyroidism, and nerve tremors.  (Tr. at 92.)

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff protectively filed an application for SSI on November 4, 2003. (Tr. at 53-55, 78-82.)  The plaintiff's application was denied initially and upon reconsideration.  (Tr. at 53-54, 56-60, 63-65.)   Following a hearing, the ALJ issued an unfavorable decision finding the plaintiff was not disabled, dated November 23, 2005.  (Tr. at  13-21.)  On February 23, 2006, the Appeals Council denied the plaintiff's request to review the ALJ's decision (Tr. at 6-9), thereby making the ALJ's decision the final decision of the Commissioner.

In making the determination that the plaintiff was not entitled to benefits, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's degenerative disc disease and impingement syndrome are considered "severe" based on the requirements in the Regulations at 20 CFR § 416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.  4.

4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has the residual functional capacity to perform light work with a sit/stand option, not lifting more than 20 pounds occasionally or 10 pounds frequently with no more than occasional bending, kneeling, stooping, crouching, and crawling; not requiring climbing ropes, ladders, or scaffolds; not involving work at unprotected heights; not involving concentrated exposure to hazardous moving machinery; and that would not require repetitive use of the hands for fine fingering.

6. The claimant is unable to perform any of his past relevant work (20 CFR § 416.965).

7. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 416.963).

8. The claimant has "a limited education" (20 CFR § 416.964).

9. The claimant has no transferable skills from semi-skilled work as a painter previously performed.  His work as a farm laborer was unskilled (20 CFR § 416.968).

10. The claimant has the residual functional capacity to perform a reduced range of light work (20 CFR § 416.967).

2

11.   Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202-17 and 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.  Examples of such jobs include work as self-service station attendant, 299.677-010, SVP 2 (9000 in SC and 180,000 in US) and the sedentary, unskilled jobs of surveillance system monitor, 3379.367-010, SVP 2 (1200 in SC and 40,000 in US0, telephone quotation clerk, 237.367-046, SVP 2 (1200 in SC and 38,000 in US), weigher/weight tester, 539.485-010, SVP 2 (1000 in SC and 25,000 in US), and order clerk, 209.57-014, SVP 2 (1100 in SC and 30,000 in US).

12.   The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. §423(a).  "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment.  *See* 20 C.F.R. §404.1520.  If an individual is found not disabled at any step, further inquiry is unnecessary.  *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually

3

performed the work.  Social Security Ruling ("SSR") 82–62.  The plaintiff bears the burden of establishing his inability to work within the meaning of the Act.  42 U.S.C. §423(d)(5).  He must make a prima facie showing of disability by showing he is unable to return to his past relevant work.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy.  The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert.  *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966).  Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational.  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the

Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in finding him not disabled. Specifically, the plaintiff alleges that the ALJ erred in failing to give adequate weight to the opinions of his treating physician, Dr. Jeffrey C. Wilkins.

Relying on *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1983), the plaintiff argues that Dr. Wilkins' medical opinions could only be rejected by the ALJ if there was persuasive medical proof to contradict those opinions. *Coffman*, however, is not the most recent pronouncement of the treating physician rule in the Fourth Circuit.

It is true that the medical opinion of a treating physician is entitled to controlling weight under certain circumstances. But, that opinion must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 370 F.3d 171, 178 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (finding that other substantial evidence includes inconsistences within the physician's own records). A "medical opinion," is a "judgment[ ] about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). However, statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's determination. SSR 96-2p. Furthermore, even if the plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported them. *See Blalock*, 483 F.2d at 775.

In May 2005, the plaintiff's treating physician, Dr. Wilkins, concluded that the plaintiff was restricted to lifting 10 pounds frequently and 20 pounds rarely. (Tr. at 295-98.) Dr.

5

Wilkins noted other restrictions and further stated that the plaintiff was restricted to sitting a total of 4 hours per day and standing or walking a total of 4 hours per day.  (Tr. at 130, 295-98.)

The ALJ found that Dr. Wilkins' opinions were inconsistent with his medical notes and specified such inconsistences in the decision.  (Tr. at 18.)  Specifically, the ALJ found that Dr. Wilkins' notes reflected (1) a negative straight leg raising test; (2) no motor or sensory deficits; (3) no recommendation concerning any surgery; (4) conservative treatment; (5) an MRI that revealed mild bulging and no significant disk herniation or nerve root impingement at any lumbar level; and (6) no significant degree of spinal stenosis at any level, evidence of nerve root displacement, or impingement (Tr. at 300-02).  (Tr. at 18.)  In response to the cited evidence, the plaintiff summarily states, in one sentence, that "Dr. Wilkins' office notes show objective findings of disc degeneration, annular tear, disc herniation and left shoulder impingement syndrome."  (Pl. Brief at 2.)

As an initial matter, the plaintiff's conclusory statement does not contest the specific findings of Dr. Wilkins as noted by the ALJ or make any comparison of them to Dr. Wilkins' ultimate functional assessment.  The Court has reviewed Dr. Wilkins' office notes and concludes that they reflect the findings as emphasized by the ALJ.  (Tr. at 300-02.) Although the plaintiff may have reached a different interpretation of those findings and others contained in the office notes, the ALJ is not bound by that interpretation if substantial evidence supported a different conclusion.  *See Blalock*, 483 F.2d at 775.  The Court believes that the findings noted by the ALJ in the office notes constitute substantial evidence to conclude that those notes were inconsistent with the later functional capacity performed in 2005 wherein Dr. Wilkins found that the plaintiff was greatly limited in his ability to sit, stand, and lift.  Such restrictions are not represented in the office notes and are, therefore, arguably inconsistent with the same.  The plaintiff's strong belief to the contrary is simply of no moment.  *See id*.

6

It should also be noted that the plaintiff has cited to transcript pages 303-309 as evidence that Dr. Wilkins' notes contain objective findings concerning the plaintiff's disc degeneration, annular tear, disc herniation, and left shoulder impingement syndrome. As far as the Court can discern, those transcript pages include only the office notes of a physician's assistant, Todd Beebe. The exact relationship of Beebe and Dr. Wilkins is not clear to the Court but it cannot be said on the record before the Court that the observations of Beebe contained in his notes can be imputed to Dr. Wilkins for testing the consistency between Dr. Wilkins' office notes and his ultimate functional capacity assessment of the plaintiff. The Court, therefore, does not consider the evidence probative of any error by the ALJ in concluding that such alleged inconsistencies exist between the two pieces of evidence.

The plaintiff also argues that the ALJ wrongly discounted Dr. Wilkins opinion based on perceived contradictions between it and the report of a Dr. Julian Hayes. The plaintiff contends that Dr. Hayes examinations were primarily neurological in nature and that the opinions derived therefrom simply do not touch and concern the issues addressed by Dr. Wilkins in his notes or medical opinion. Aside from this conclusory assertion, the plaintiff makes no specific effort to contest the ALJ's analysis.

The ALJ found that Dr. Hayes noted some decreased mobility in the plaintiff's spine but ultimately found that his straight leg raising was unremarkable and that there were no motor or sensory deficits. (Tr. at 18.) The ALJ also emphasized that in a follow-up examination Dr. Hayes stated "that he was not sure what was going on with the patient and he did not recommend any surgery." *Id*. The Court has reviewed Dr. Hayes records and agrees that the ALJ has properly represented them. (Tr. at 181-83.)

Reasonable minds could disagree over whether or not the report of Dr. Hayes contradicted Dr. Wilkins' ultimate functional opinion of the plaintiff. The Court finds, however, substantial evidence exists for the ALJ's conclusion. The plaintiff has not made any reasonable effort to demonstrate otherwise. But, even if the ALJ's treatment of Dr.

7

Hayes report was in error, the Court finds that the error is harmless. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error"). The ALJ's determination that Dr. Wilkins' ultimate opinion was inconsistent with his office notes would have been reason enough to discount it.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court concludes that the finding of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

April 27, 2007
Greenville, South Carolina

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE