UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Tony Harrelson, | ) | |
| | ) | C/A No. 8:06-1327-GRA-BHH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | Written Opinion |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and issued on April 27, 2007. Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner. The Commissioner denied Plaintiff's claims for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. The magistrate recommends affirming the decision of the Commissioner.

I) BACKGROUND

Plaintiff filed an application for SSI benefits on November 4, 2003. The Commissioner denied Plaintiff's application originally and on reconsideration. Plaintiff requested a hearing, and following the hearing, on November 23, 2005, the administrative law judge determined in a written opinion that Plaintiff was not disabled. On February 23, 2006, the Appeals Council denied Plaintiff's request for review,

1

rendering the ALJ's opinion the final decision of the Commissioner.  Plaintiff filed this civil action for judicial review on May 2, 2006.

## II) STANDARD OF REVIEW

The magistrate makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.    Defendant filed objections to the magistrate's Report and Recommendation on May 15, 2007.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).  The court

must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III) DISCUSSION

Plaintiff raises only one main objection to the magistrate's Report and Recommendation. Plaintiff objects on the basis that the magistrate judge erred in holding that the residual functional capacity questionnaire completed by Jeffrey C. Wilkins, M.D., was inconsistent with Dr. Wilkins' own office notes. After reviewing the record in this case, the Court finds the magistrate judge correctly concluded that "the findings noted by the ALJ in the office notes constitute substantial evidence to

conclude that those notes were inconsistent with the later functional capacity performed in 2005" by Dr. Wilkins.  Report and Recommendation, p. 6.  The law is well-established in this district that "[a]lthough the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).  In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*  Therefore, the Court finds the magistrate correctly recommended affirming the ALJ's findings related to the medical reports of Dr. Wilkins, as those findings were based on substantial evidence and the applicable law.

## IV) CONCLUSION

After a review of the magistrate's Report and Recommendation, the objections filed by Plaintiff, and the facts and record of this case, this Court finds the Report and Recommendation is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the decision of the Commissioner be AFFIRMED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 13, 2007

Anderson, South Carolina

4